**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Michelle Renee WHITEFIELD, Appellee.**

No. 10–98–214–CV.

Court of Appeals of Texas, Waco.

June 9, 1999.

Steve Dennis, Texas Dept. of Public Safety, Bryan, Kevin M. Givens, Texas Dept. of Public Safety, Austin, James Kuvet, Hearings Atty., Tex. Dept. of Public Safety, McAllen, James M. Kuboviak, County Atty., Bryan, for appellant.

Norbert C. Mahnke, O'Connor & Associates, Bryan, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Michelle Whitefield was arrested on November 20, 1997, for driving while intoxicated. TEX. PEN.CODE ANN. § 49.04 (Vernon 1994 & Supp.1999). She submitted to a breath test which indicated a blood-alcohol level greater than .10. Whitefield was notified that her driver's license would be suspended due to her blood-alcohol level. TEX. TRANSP. CODE ANN. §§ 524.011–.015 (Vernon 1999). She timely requested a hearing before the administrative law judge ("ALJ"), and a hearing was held on January 7, 1998. *Id.* §§ 524.031, 524.035 (Vernon 1999). The ALJ sustained the suspension. Whitefield appealed to the County Court at Law No. 1 in Brazos County, which reversed the ALJ decision. *Id.* § 524.041 (Vernon 1999).

DPS seeks to appeal the judgment of the county court at law. We have recently held that we do not have jurisdiction over license-suspension appeals resulting from the refusal to submit to a blood-alcohol test. *Texas Dep't of Pub. Safety v. Barlow,* 992 S.W.2d 732 (Tex.App.—Waco 1999); TEX. TRANSP. CODE ANN. ch. 724 (Vernon 1999). Appeals of the ALJ decision under chapter 724 are governed by the procedures in chapter 524. TEX. TRANSP. CODE ANN. § 724.047; *Barlow,* at 734 n. 1. Thus, our reasoning in *Barlow* applies equally to appeals arising under Chapter 524.

As in *Barlow,* this licence-suspension appeal arises from a judgment of a county court at law. The Administrative Procedure Act ("APA") provides for appeals from judgments of only the district court. *Barlow,* at 734–35, 741; TEX. GOV'T CODE ANN. § 2001.901 (Vernon 1999). Nor does the record reveal that the "amount in controversy" requirement for civil appeals generally has been satisfied. *Barlow,* at

733–34, 741; TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997).

Accordingly, we dismiss this appeal for want of jurisdiction.